IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC. ) ) ) Plaintiff, ) ) v. ) ) STRYKER CORPORATION, STRYKER COMMUNICATIONS, INC. and SMITH & NEPHEW, INC. ) ) ) ) Defendants. ) | Civil Action No. 2:07-cv-02702 **JURY TRIAL DEMANDED** |

**STRYKER CORPORATION AND STRYKER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendants Stryker Corporation and Stryker Communications, Inc. (collectively "Stryker"), by and through their attorneys, answer Plaintiff's First Amended Complaint as follows:

**PARTIES**

1. Plaintiff Karl Storz Endoscopy-America, Inc., ("KSEA") is a California corporation having a principal place of business at 600 Corporate Pointe, 5th Floor, Culver City, California 90230.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 1 of the Complaint.

2. Upon information and belief, Defendant Stryker Corporation is a Michigan corporation having a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

Answer: Admitted.

1

3. Upon information and belief, Defendant Stryker Communications, Inc. is a Delaware corporation having a principal place of business at 1410 Lakeside Parkway, #100, Flower Mound, Texas 75028.

Answer: Admitted.

4. Defendants Stryker, Inc. and Stryker Communications, Inc. are collectively referred to as "Stryker."

Answer: Stryker admits that Plaintiff refers to Stryker Corporation and Stryker Communications, Inc. collectively as "Stryker."

5. Upon information and belief, defendant Smith & Nephew, Inc. ("Smith & Nephew") is a Delaware corporation having a principal place of business at 1450 Brooks Road, Memphis, Tennessee 38116.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 5 of the Complaint.

6. Stryker and Smith & Nephew are collectively referred to as Defendant or Defendants.

Answer: Stryker admits that Plaintiff refers to Stryker and Smith & Nephew, Inc. collectively as Defendant or Defendants.

**JURISDICTION AND VENUE**

7. This action by Plaintiff is for damages and injunctive relief from patent infringement by Defendants, and arises under the United States Patent Laws, particularly 35 U.S.C. §271 et seq.

Answer: Stryker admits that Plaintiff's action is for damages and injunctive relief from alleged patent infringement by Defendants. Stryker further admits that Plaintiff alleges that its cause of action arises under the Patent Laws of the United States, Title 35 U.S.C § 271 et seq.

8.  This Court has subject matter jurisdiction based on 28 U.S.C. § 1331 and 1338(a).

Answer: Admitted.

9.  Venue is proper and based on 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

Answer: Stryker admits that the requirements of 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b) are technically satisfied, but venue is more appropriate in the Northern District of California under 28 U.S.C. § 1404.

## STATEMENT OF FACTS

10.  Upon information and belief, Stryker has offered products and/or services, and/or sold products and/or services, and/or supplied products and/or services, including but not limited to integrated operating rooms, integrated operating room components, and/or service and support for integrated operating rooms, in the Western District of Tennessee and is subject to personal jurisdiction in this District.

Answer: Admitted.

11.  Upon information and belief, Smith and Nephew has a principal place of business at 1450 Brooks Road, Memphis, Tennessee 38116, and has offered products and/or services, and/or sold products and/or services, and/or supplied products and/or services, including but not limited to integrated operating rooms, integrated operating room components, and/or service and support for integrated operating rooms, in the Western District of Tennessee and is subject to personal jurisdiction in this District.

Answer:  Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 11 of the Complaint.

## COUNT 1

### (Purported Infringement of the '688 Patent)

12.     Plaintiff KSEA is the owner of the entire right, title and interest in and to United States Patent No. 5,788,688 ("the '688 patent"), entitled "Surgeon's Command And Control," which was duly and legally issued by the United States Patent and Trademark Office on August 4, 1998 in the name of the inventors, James D. Bauer and Donald W. Laux. A copy of the patent is attached as Exhibit A.

Answer:  Stryker is without information to form a belief as to whether KSEA is the owner of the entire right, title and interest in and to the '688 patent, and therefore denies the same.  Stryker admits that the '688 patent entitled "Surgeon's Command and Control" was issued by the United States Patent and Trademark Office on August 4, 1998.  Stryker denies that the '688 patent was duly and legally issued.  Stryker admits that the '688 patent, on its face, lists James D. Bauer and Donald W. Laux as inventors.  Stryker is without information to form a belief as to whether James D. Bauer and Donald W. Laux are in fact the inventors of the '688 patent, and therefore denies the same.  Stryker admits that a copy of the '688 patent was attached to the Complaint as Exhibit A.

13.     Upon information and belief, Defendant Stryker has been and still is directly infringing, contributing to infringement, and/or inducing infringement of one or more claims of the '688 patent pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, importing, supplying, maintaining, servicing, supporting, supplying a component of, and/or causing the supply of a component of the following products and/or services, without the authorization of the Plaintiff KSEA: integrated operating rooms, including but not limited to i-Suite, EndoSuite, NavSuite OR, OrthoSuite OR, TotalSuite, CardioSuite and/or i-Suite for Cardiovascular OR's; integrated operating room components, including but not limited to i-Suite Technology Products, SwitchPoint and SwitchPoint Infinity control systems, Sidne control

systems, Sidne enabled devices; and related products, services, and components (hereinafter referred to as "infringing Stryker products").

Answer: Stryker denies that it is or has been directly infringing, contributing to infringement, and/or inducing infringement of any valid claims of the '688 patent.

14. Upon information and belief, Defendant Smith & Nephew has been and still is directly infringing, contributing to infringement, and/or inducing infringement of one or more claims of the '688 patent pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, importing, supplying, maintaining, servicing, supporting, supplying a component of, and/or causing the supply of a component of the following products and/or services, without the authorization of the Plaintiff: integrated operating rooms, including but not limited to Digital OR; integrated operating room components, including but not limited to Condor control systems, Condor interface kits, Condor-Enabled components and devices, Condor Express; and related products, services, and components (hereinafter referred to as "infringing Smith & Nephew products").

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 14 of the Complaint.

15. Plaintiff has been and continues to be damaged by the loss of sales and customers by Defendants' infringement of the '688 patent, and claims all damages, including but not limited to lost profits and reasonable royalties, to which it is entitled.

Answer: Stryker denies the allegations set forth in paragraph 15 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 15 and therefore denies them.

16. Upon information and belief, Defendants' infringement, inducement of infringement, and contributory infringement is willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to attorney's fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

5

Answer:  Stryker denies the allegations set forth in paragraph 16 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 16 and therefore denies them.

17. As a result of the Defendants' actions, Plaintiff has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have made but for the infringement by Defendants, unless Defendants are enjoined by this Court.

Answer:  Stryker denies the allegations set forth in paragraph 17 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 17 and therefore denies them.

## COUNT 2

### (Purported Infringement of the '286 Patent)

18. Plaintiff KSEA is the owner of the entire right, title and interest in and to United States Patent No. 6,397,286 ("the '286 patent"), entitled "Arrangement for the Central Monitoring and/or Control of at Least One Apparatus," which was duly and legally issued by the United States Patent and Trademark Office on May 28, 2002 in the name of the inventors, David Chatenever, Klaus Irion, Pavel Novak, and Hans-Uwe Hulzinger. A copy of the patent is attached as Exhibit B.

Answer:  Stryker is without information to form a belief as to whether KSEA is the owner of the entire right, title and interest in and to the '286 patent, and therefore denies the same.  Stryker admits that the '286 patent entitled "Arrangement for the Central Monitoring and/or Control of at Least One Apparatus" was issued by the United States Patent and Trademark Office on May 28, 2002.  Stryker denies that the '286 patent was duly and legally issued.  Stryker admits that the '286 patent, on its face, lists David Chatenever, Klaus Irion, Pavel Novak, and Hans-Uwe Hilzinger as inventors.  Stryker is without information to form a belief as to whether David Chatenever, Klaus Irion, Pavel Novak, and Hans-Uwe Hilzinger are

6

in fact the inventors of the '286 patent, and therefore denies the same.  Stryker admits that a copy of the '286 patent was attached to the Complaint as Exhibit B.

19.    Upon information and belief, Defendant Stryker has been and still is directly infringing, contributing to infringement, and/or inducing infringement of one or more claims of the '286 patent pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, importing, supplying, maintaining, servicing, supporting, supplying a component of, and/or causing the supply of a component of the infringing Stryker products, without the authorization of the Plaintiff KSEA.

Answer:  Stryker denies that it is or has been directly infringing, contributing to infringement, and/or inducing infringement of any valid claims of the '286 patent.

20.    Upon information and belief, Defendant Smith & Nephew has been and still is directly infringing, contributing to infringement, and/or inducing infringement of one or more claims of the '286 patent pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, importing, supplying, maintaining, servicing, supporting, supplying a component of, and/or causing the supply of a component of the infringing Smith & Nephew products, without the authorization of the Plaintiff KSEA.

Answer:  Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 20 of the Complaint.

21.    Plaintiff has been and continues to be damaged by the loss of sales and customers by Defendants' infringement of the '286 patent, and claims all damages, including but not limited to lost profits and reasonable royalties, to which it is entitled.

Answer:  Stryker denies the allegations set forth in paragraph 21 as they relate to Stryker.  Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 21 and therefore denies them.

22. Upon information and belief, Defendants' infringement, inducement of infringement, and contributory infringement is willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to attorney's fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

Answer:  Stryker denies the allegations set forth in paragraph 22 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 22 and therefore denies them.

23. As a result of the Defendants' actions, Plaintiff has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have made but for the infringement by Defendants, unless Defendants are enjoined by this Court.

Answer:  Stryker denies the allegations set forth in paragraph 23 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 23 and therefore denies them.

## COUNT 3

**(Purported Infringement of the '539 Patent)**

24. Plaintiff KSEA is the owner of the entire right, title and interest in and to United States Patent No. 6,824,539 ("the '539 patent"), entitled "Touchscreen Controlling Medical Equipment from Multiple Manufacturers," which was duly and legally issued by the United States Patent and Trademark Office on November 30, 2004 in the name of the inventor Pavel Novak. A copy of the patent is attached as Exhibit C.

Answer:  Stryker denies that KSEA is the owner of the entire right, title and interest in and to the '539 patent.  Stryker admits that the '539 patent entitled "Touchscreen Controlling Medical Equipment from Multiple Manufacturers" was issued by the United States Patent and Trademark Office on November 30, 2004.  Stryker denies that the '539 patent was duly and legally issued.  Stryker admits that the '539 patent, on its face, lists Pavel Novak as inventor. Stryker is without information to form a belief as to whether Pavel Novak is in fact the inventor

8

of the '539 patent, and therefore denies the same. Stryker admits that a copy of the '539 patent was attached to the Complaint as Exhibit C.

25. Upon information and belief, Defendant Stryker has been and still is directly infringing, contributing to infringement, and/or inducing infringement of one or more claims of the '539 patent pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, importing, supplying, maintaining, servicing, supporting, supplying a component of, and/or causing the supply of a component of the infringing Stryker products, without the authorization of the Plaintiff KSEA.

Answer: Stryker denies that it is or has been directly infringing, contributing to infringement, and/or inducing infringement of any valid claims of the '539 patent.

26. Upon information and belief, Defendant Smith & Nephew has been and still is directly infringing, contributing to infringement, and/or inducing infringement of one or more claims of the '539 patent pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, importing, supplying, maintaining, servicing, supporting, supplying a component of, and/or causing the supply of a component of the infringing Smith & Nephew products, without the authorization of the Plaintiff KSEA.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 26 of the Complaint.

27. Plaintiff has been and continues to be damaged by loss of sales and customers by Defendants' infringement of the '539 patent, and claims all damages, including but not limited to lost profits and reasonable royalties, to which it is entitled.

Answer: Stryker denies the allegations set forth in paragraph 27 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 27 and therefore denies them.

9

28. Upon information and belief, Defendants' infringement, inducement of infringement, and contributory infringement is willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to attorney's fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

Answer: Stryker denies the allegations set forth in paragraph 28 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 28 and therefore denies them.

29. As a result of the Defendants' actions, Plaintiff has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have made but for the infringement by Defendants, unless Defendants are enjoined by this Court.

Answer: Stryker denies the allegations set forth in paragraph 29 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 29 and therefore denies them.

## STRYKER'S AFFIRMATIVE DEFENSES

30. Stryker incorporates by reference and realleges the responses and denials set forth in paragraphs 1–29.

31. Stryker has not engaged in any act that constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '688 patent under any section of 35 U.S.C. § 271.

32. Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '688 patent.

33. The claims of the '688 patent are invalid for failure to meet one or more conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C.

10

§§ 102, 103, and/or 112. No valid claim of the '688 patent can be validly construed to cover any product of Stryker.

34. Stryker has not engaged in any act that constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '286 patent under any section of 35 U.S.C. § 271.

35. Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '286 patent.

36. The claims of the '286 patent are invalid for failure to meet one or more conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112. No valid claim of the '286 patent can be validly construed to cover any product of Stryker.

37. Stryker has not engaged in any act that constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '539 patent under any section of 35 U.S.C. § 271.

38. Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '539 patent.

39. The claims of the '539 patent are invalid for failure to meet one or more conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112. No valid claim of the '539 patent can be validly construed to cover any product of Stryker.

40. KSEA lacks standing to bring a count of infringement against Stryker based on the '539 patent.

41. KSEA has not established that it has fully complied with 35 U.S.C. § 287.

## STRYKER'S DECLARATORY JUDGMENT COUNTERCLAIMS

42. Defendant and Counterclaim-Plaintiff Stryker Corporation and Defendant and Counterclaim-Plaintiff Stryker Communications, Inc. (collectively "Stryker") counterclaim against Plaintiff and Counterclaim-Defendant Karl Storz Endoscopy-America, Inc. ("KSEA") as follows:

## PARTIES

43. Stryker Corporation is a Michigan corporation and has its principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

44. Stryker Communications, Inc. is a Delaware corporation and has its principal place of business at 1410 Lakeside Parkway, #100, Flower Mound, Texas 75028.

45. KSEA, by its Complaint, alleges that it is a California corporation and has its principal place of business at 600 Corporate Pointe, 5th Floor, Culver City, California 90230.

## JURISDICTION AND VENUE

46. These Counterclaims seek a declaratory judgment of noninfringement and patent invalidity and arise under the Patent Laws of the United States, Title 35 of the United States Code.

47. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

48. The venue requirements of 28 U.S.C. §§ 1391 and 1400(b) are technically satisfied, although venue is more appropriate in the Northern District of California under 28 U.S.C. § 1404.

**FIRST COUNTERCLAIM**

**(Declaration of Noninfringement and Invalidity of the '688 Patent)**

49. Stryker realleges and incorporates by reference each of the allegations set forth above in paragraphs 30–48.

50. KSEA, by its Complaint, alleges it is the owner of the '688 patent and alleges that the '688 patent is infringed by Stryker.

51. No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '688 patent under any section of 35 U.S.C. § 271. Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '688 patent. The '688 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

52. An actual, justiciable controversy therefore exists between the parties as to the validity and infringement of the '688 patent.

53. Stryker is entitled to judgment by this Court declaring all claims of the '688 patent invalid and/or not infringed by Stryker.

**SECOND COUNTERCLAIM**

**(Declaration of Noninfringement and Invalidity of the '286 Patent)**

54. Stryker realleges and incorporates by reference each of the allegations set forth above in paragraphs 30–53.

55. KSEA, by its Complaint, alleges it is the owner of the '286 patent and alleges that the '286 patent is infringed by Stryker.

56. No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '286 patent under any section of 35 U.S.C. § 271. Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '286 patent. The '286 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

57. An actual, justiciable controversy therefore exists between the parties as to the validity and infringement of the '286 patent.

58. Stryker is entitled to judgment by this Court declaring all claims of the '286 patent invalid and/or not infringed by Stryker.

**THIRD COUNTERCLAIM**

**(Declaration of Noninfringement and Invalidity of the '539 Patent)**

59. Stryker realleges and incorporates by reference each of the allegations set forth above in paragraphs 30–58.

60. KSEA, by its Complaint, alleges it is the owner of the '539 patent and alleges that the '539 patent is infringed by Stryker.

61. No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '539 patent under any section of 35 U.S.C. § 271. Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '539 patent. The '539 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

62. An actual, justiciable controversy therefore exists between the parties as to the validity and infringement of the '539 patent.

63. Stryker is entitled to judgment by this Court declaring all claims of the '539 patent invalid and/or not infringed by Stryker.

## **JURY DEMAND**

64. Stryker demands a trial by jury on all issues so triable in the Affirmative Defenses and Counterclaim.

WHEREFORE, Stryker prays for the following relief:

a. That KSEA's Complaint be dismissed in its entirety with prejudice;

b. That the claims of U.S. Patent No. 5,788,688 be declared invalid;

c. That Stryker be declared not to have infringed any valid claims of U.S. Patent No. 5,788,688, either literally or under the doctrine of equivalents;

d.  That Stryker be declared not to have induced or contributed to infringement of any valid claims of U.S. Patent No. 5,788,688;

e.  That the claims of U.S. Patent No. 6,397,286 be declared invalid;

f.  That Stryker be declared not to have infringed any valid claims of U.S. Patent No. 6,397,286, either literally or under the doctrine of equivalents;

g.  That Stryker be declared not to have induced or contributed to infringement of any valid claims of U.S. Patent No. 6,397,286;

h.  That the claims of U.S. Patent No. 6,824,539 be declared invalid;

i.  That Stryker be declared not to have infringed any valid claims of U.S. Patent No. 6,824,539, either literally or under the doctrine of equivalents;

j.  That Stryker be declared not to have induced or contributed to infringement of any valid claims of U.S. Patent No. 6,824,539;

k.  That KSEA is not entitled to any of the relief prayed for in its Complaint, or to any relief whatever;

l.  That judgment be entered awarding Stryker its costs and expenses in this action, and reasonable attorney fees, under 35 U.S.C. § 285 and other applicable statutes and laws; and

m.  For such other relief as the Court may deem appropriate.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

s/ Douglas F. Halijan
Jef Feibelman          (BPR # 7677)
Douglas F. Halijan     (BPR # 16718)
130 North Court Avenue
Memphis, TN  38103
(901) 524-5000

Attorneys for Defendants Stryker Corporation, and Stryker Communications, Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system to Mary Margaret Petrinjak, Esq. and Jerry D. Kizer, Jr., Esq. of Rainey, Kizer, Reviere and Bell, P.L.C., 105 S. Highland Avenue, P. O. Box 1147, Jackson, TN  38301-1147; Michael A. Bertelson, Esq., Candice C. Decaire, Esq., and Susan A. Cahoon, Esq. of Kilpatrick Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309-4530, and Mark Vorder-Bruegge, Esq., Wyatt, Tarrant & Combs, 1715 Aaron Brenner Drive, Memphis, TN 38120, this 29th day of February, 2008.

s/ Douglas F. Halijan