IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KARL STORZ ENDOSCOPY-AMERICA, INC.,**

    **Plaintiff,**

vs.                                                                 No. 2:07-cv-02702-JPM-sta

**STRYKER CORPORATION,**
**STRYKER COMMUNICATIONS, INC., and**
**SMITH & NEPHEW, INC.,**

    **Defendants.**

---

**ORDER GRANTING MOTION TO TRANSFER**

---

    Before the Court is Defendants Stryker Corporation and Stryker Communications, Inc.'s (collectively "Stryker") Motion to Sever and Transfer Venue (Doc. 30), filed March 4, 2008. Plaintiff Karl Storz Endoscopy-America, Inc. (hereinafter "Karl Storz") responded in opposition on March 24, 2008.  (Doc. 46.) Following a hearing in this matter, the Court granted Stryker's Motion to Sever and requested further briefing on Karl Storz's argument that the severed claims should be consolidated. Stryker and Smith & Nephew, Inc. ("Smith") filed their briefs opposing consolidation on April 23, 2008, and May 2, 2008, respectively.  (Docs. 50 & 55.)  For the following reasons the Court GRANTS Stryker's Motion to Transfer.

**I. BACKGROUND**

Karl Storz, Stryker, and Smith are all businesses engaged in the development, sale, and support of integrated operating rooms. (Compl. ¶¶ 10-11.) Karl Storz is the owner of United States Patent Nos. 5,788,688 ("Surgeon's Command and Control" or "the '688 patent"), 6,397,286 ("Arrangement for Central Monitoring and/or Control of at Least One Apparatus" or "the '286 patent"), and 6,824,539 ("Touchscreen Controlling Medical Equipment from Multiple Manufacturers" or "the '539 patent"). (Id. ¶¶ 12, 18, 24.) Karl Storz alleges that both Stryker and Smith are currently infringing one or more claims of all three patents pursuant to 35 U.S.C. § 271 et seq. (Id. ¶¶ 13, 14, 19, 20, 25, 26.)

Karl Storz is a California corporation with its principal place of business in Culver City, California. (Id. ¶ 1.) Stryker, Inc. is a Delaware corporation with its principal place of business in Kalamazoo, Michigan. (Id. ¶ 2.) Stryker Communications, Inc. is a Deleware corporation with its principal place of business in Flower Mound, Texas. (Id. ¶ 3.) Stryker Endoscopy, the unincorporated Stryker division primarily responsible for the development and sales of the products allegedly infringing upon Karl Storz's patents, is based in San Jose in the Northern District of California. (Doc. 30, at 4.)

Smith is a Delaware corporation with its principal place of business in Memphis, Tennessee. (Compl. ¶ 5.) Stryker moves to transfer the severed claims against it to the Northern District of California.

**II. Standard of Review**

Stryker moves to transfer this case pursuant to 28 U.S.C. § 1404(a). This statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A decision to transfer a case under § 1404(a) is "committed to the sound discretion of the trial court." Piper Aircraft Co. v. Rayno, 454 U.S. 235, 257 (1981).

As a general rule, there is a "strong presumption" in favor of the plaintiff's selection of forum, and the plaintiff's choice should not be altered unless the defendant carries his burden of demonstrating that the balance of convenience strongly favors transfer. See Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951)(explaining that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). When a plaintiff has selected its home forum, this choice is given particular weight. Tuna Processors, Inc. v. Hawaii Int'l Seafood, 408 F. Supp. 2d 358, 360 (E.D.

Mich. 2005); cf. Mead Corp. v. Oscar J Boldt Const. Co, 508 F. Supp. 193, 198 (C.D. Ohio 1981)(explaining that "this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff").

To move for a dismissal under the doctrine of forum non conveniens, the moving defendant must demonstrate that there is another forum in which the action may be litigated. Stewart v. Dow Chem. Co., 865 F.2d 103, 107 (6th Cir. 1989). Once the moving defendant establishes the availability of another forum, the court should consider the private interests of the parties as well as "other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Bus. Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).

The private interests of the parties that courts consider when determining whether to transfer a case include: the convenience of the parties, the convenience of the witnesses, the location of sources of proof, where the operative facts occurred, the relative ability of litigants to bear expenses in any particular forum, the possibility of prejudice in either forum, and other practical problems affecting the case. Tuna Processors, Inc., 408 F. Supp. 2d at 361; Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004);

Priess v. Fisherfolk, 535 F. Supp. 1271, 1279 (S.D. Ohio 1982). In addition, "the Court may consider any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" Helder v. Hitachi Power Tools, USA Ltd., 764 F. Supp. 93, 96 (E.D. Mich. 1991)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

**III. ANALYSIS**

Karl Storz does not dispute that it could have sued Stryker in the Northern District of California. Instead Karl Storz argues that private and public interests weigh in favor of consolidating the severed cases in the Western District of Tennessee.

Karl Storz asserts that the Northern District of California is less convenient because neither they nor Stryker reside there. Karl Storz is headquartered in the Central District of California, while the Stryker Defendants have headquarters in Michigan and Texas. However, this factor weighs in favor of transfer to the Northern District of California because the Stryker subdivision responsible for development of the products in question is located there.

Karl Storz also argues that transfer of the Stryker claims to the Northern District of California would create a risk of inconsistent rulings regarding the patents' claim construction

5

and validity and unnecessarily duplicate Plaintiff's and the courts' efforts in these determinations.  Stryker correctly denies that transfer will risk inconsistent patent validity rulings because such a ruling by one court will collaterally estop any subsequent inquiry by another.  Furthermore, while transfer of the Stryker claims to the Northern District of California may cause some simultaneous and repetitive litigation, it would be far more wasteful to force Stryker and Smith to depose all the expert and fact witnesses associated with the other's unrelated claims.  In addition, consolidation would undoubtedly increase the procedural and substantive complexity of the case for the Court and for the jury.  Finally, the risk of inconsistent and duplicative claim construction can be substantially reduced by cognizant scheduling by the courts.  Accordingly, this factor does not weigh in favor of consolidation.

    Karl Storz's last argument in favor of consolidating the Stryker claims rather than transferring them to the Northern District of California is that the Western District of Tennessee is more convenient for deposing those witnesses at Stryker's corporate headquarters, those European inventors involved in the patents' development, and those witnesses who manufacture the products at issue.  Though Karl Storz is correct that these

witnesses are not in California, they are not in Tennessee either.[1]  Distance is not the only measure of convenience.  For example, though the Western District of Tennessee is closer to Europe than the Northern District of California, it may be a less convenient destination because there are fewer international air travel options available.  Similarly, fact witnesses located in Texas, Illinois, and Michigan are closer, but not necessarily more convenient, to the Western District of Tennessee because either forum will necessitate air travel.  Accordingly, this factor does not weigh in favor of consolidation.  Considering all of the applicable factors, the Court finds that transfer is appropriate and preferable to consolidation.

**IV. CONCLUSION**

The witnesses and sources of proof necessary to resolve this dispute are not located in the Western District of Tennessee but in California, Texas, Michigan, Illinois, and European nations.  Consolidation of the Stryker and Smith Claims would add unnecessary complication to the litigation and unfairly burden Defendants.  The balance of convenience strongly favors transfer to the Northern District of California over consolidation.  Accordingly, the Court GRANTS Stryker's Motion

---

[1] Karl Storz gives the locations of the Stryker executives and of the patents' inventors but not of the third party manufacturers.

to Transfer.  This action is hereby TRANSFERRED to the United States District Court for the Northern District of California, San Jose Branch.

    SO ORDERED this 1st day of July, 2008.


                                                   /s/ JON P. McCALLA
                                                 UNITED STATES DISTRICT JUDGE