IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARL STORZ ENDOSCOPY-AMERICA, INC,

    Plaintiff,

    v.

STRYKER CORPORATION AND STRYKER COMMUNICATIONS, INC,

    Defendants.

No. C09-355 VRW

ORDER

By letter briefs dated November 12, 2009 and November 23, 2009, the parties raise a discovery dispute over certain documents listed on Mr Laux's privilege log. Having considered the parties' written submissions, including the joint letter brief dated January 19, 2010, the Court DENIES WITHOUT PREJUDICE Stryker's request for an order to compel KSEA to produce the Laux documents.

I

The parties dispute whether Stryker's motion to compel is raised properly before this court. Mr Laux, a non-party, resides and was subpoenaed in the Northern District of Florida. Seeking to compel KSEA to produce the Laux documents pursuant to Rule 34 of the

Federal Rules of Civil Procedure, Stryker contends that KSEA has control over the Laux documents concerning the '688 patent. For purposes of Rule 34, "control" is defined as "the legal right to obtain documents upon demand" or "control over the entity who is in possession of the document." In re Citric Acid Litigation, 191 F3d 1090, 1107 (9th Cir 1999); Soto v City of Concord, 162 FRD 603, 619 (ND Cal 1995).

The party seeking production of documents bears the burden of proving that the opposing party has "control" over the requested documents. United States v International Union of Petroleum & Industrial Workers, 870 F2d 1450, 1452 (9th Cir 1989). Stryker has submitted evidence showing that Mr Laux, a co-inventor of the '688 patent, assigned his interest in the invention to Bauer Labs, which in turn transferred the '688 patent to Karl Storz, the parent company of KSEA. Stryker Letter Brief (Doc #107) Exs D and E. In the purchase agreement with Karl Storz (therein referred to as "KST"), Bauer Labs agreed to "assist KST, take such action as KST requires, in order to obtain, correct, modify or enforce the Patent Rights and Trademarks granted to KST." Doc #107 Ex E ¶ 3.4. Stryker further contends, and KSEA does not dispute, that Karl Storz assigned the '688 patent to KSEA in 2007. Doc #107 at 3. Stryker has demonstrated adequately that KSEA has control over the Laux documents related to the '688 patent. To the extent that KSEA contends that it cannot produce the relevant, non-privileged Laux documents on the ground that it does not have control over them, counsel for KSEA must sign and serve an affidavit explaining the inability to obtain the documents and attesting to those facts.
\\

KSEA contends that even if it had "control" over the documents in Mr Laux's possession, Stryker must move for an order to compel pursuant to Rule 45 in the court which issued the subpoena, namely the Northern District of Florida, for adjudication of Mr Laux's claim that the documents are protected by the attorney-client privilege.  In the context of the documents relating to the '688 patent, however, Stryker has demonstrated that Mr Laux assigned to Bauer Labs "the entire right, title and interest" in the invention that was issued the '688 patent.  Doc #107 Ex D at 4.  Subsequently, Karl Storz acquired Bauer Labs' "entire right, title, claim and interest in" the '688 patent.  Doc #107 Ex E ¶ 3.1.  Based on these transfers of rights and interests in the '688 patent, and Stryker's unrefuted contention that Karl Storz assigned the '688 patent to KSEA, KSEA has the right to assert Mr Laux and Bauer Labs' attorney-client privilege in the documents relating to the '688 patent.  See <u>City of Rialto v US Dept of Defense</u>, 492 F Supp 2d 1193, 1201 (CD Cal 2007) (holding that former corporation's attorney-client privilege transferred to the successor of the sole shareholder that acquired "substantially all" of dissolved corporation's assets). The court determines that it has jurisdiction pursuant to Rule 37(a)(2) to resolve the dispute over the Laux documents that are subject to the claim of attorney-client privilege, as asserted here by KSEA.  See <u>Knoll Pharmaceuticals v Teva Pharmaceuticals</u>, 2004 WL 2966964 (ND Ill 2004) (jurisdiction to compel production of nonparty documents proper where licensing agreement with nonparty gave plaintiffs the legal right to obtain the documents).  Because KSEA has control of the documents and can assert the attorney-client privilege here, Stryker need not file a motion to compel in the

district where the Rule 45 subpoena was issued.  Cf <u>Accenture Global Services GmbH v Guidewire Software</u>, 2009 WL 2253577 (D Del 2009) (because work product protection belonged to nonparty attorney, not his client, court did not have jurisdiction to compel nonparty attorney who resided outside the district).

II

The parties further dispute whether the Laux documents are properly withheld as privileged attorney-client communications. Because the documents relate to an invention considered for and granted patent protection, Federal Circuit law governs the issue of whether the particular materials are discoverable.  <u>In re Spalding Sports Worldwide</u>, 203 F3d 800, 803 (Fed Cir 2000).

"'The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice.'  [<u>Genentech v Int'l Trade Comm</u>, 122 F3d 1409, 1415 (Fed Cir 1997).]  We recognize the privilege in order to promote full and frank communication between a client and his attorney so that the client can make well-informed legal decisions and conform his activities to the law."  <u>In re EchoStar Communications Corp</u>, 448 F3d 1294, 1300-01 (Fed Cir 2006) (citing <u>Upjohn v United States</u>, 449 US 383, 389 (1981)).

In <u>Spalding</u>, the Federal Circuit held that "an invention record constitutes a privileged communication, as long as it is provided to an attorney 'for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding.'" 203 F3d at 805 (quoting <u>Knogo v United States</u>, 213 USPQ 936, 940 (Ct Cl 1980)).  <u>Spalding</u> held that documents in an invention record that were submitted by the inventors to an attorney need not be dissected

4

to evaluate whether each component asked for legal advice, so long as "the overall tenor of the document indicates that it is a request for legal advice or services." Id at 806. Spalding further held that a document need not "expressly request confidential legal assistance when that request is implied." Id. Spalding dispelled the view then held by many courts that purely technical information communicated to an attorney was not privileged, and held that inclusion of technical information did not render the document discoverable. The court reasoned that "an attorney cannot evaluate patentability or prepare a competent patent application without knowing the prior art and obtaining the relevant technical information from the inventors." Id at 806 and n3.

The draft patent application materials described in the November 23, 2009 Laux privilege log are the types of documents that are protected by attorney-client privilege under Spalding. KSEA has not, however, met its burden to show that the documents were communicated between a client and an attorney for the purpose of obtaining legal advice.

At deposition, Mr Laux testified that he did not recall any verbal or written communications with the patent attorneys who prosecuted the '688 patent, raising the inference that the documents at issue were not communicated to an attorney. Doc #107 Ex B at 64:24-65:14. KSEA has not proffered any competing evidence to establish that the Laux documents were communicated to an attorney, or otherwise reflected communications with an attorney. The statements in the Laux privilege log are not sufficient to establish that these documents were actually communicated to the patent attorneys. To meet its burden of proving that the attorney-client

privilege applies to the documents, KSEA must supply an affidavit describing the confidential nature of the documents, particularly whether they reflect communications with an attorney. <u>In re Grand Jury Investigation</u>, 974 F2d 1068, 1070-71 (9th Cir 1992). See also <u>Softview Computer Products Corp v Haworth</u>, 2000 WL 351411 at *5 (SD NY 2000) (affidavit of counsel supplementing the document descriptions in the privilege log and setting forth specific facts surrounding the creation of documents was sufficient to meet the requirements of Rule 26(b)(5)).

Furthermore, document number 14 on the Laux privilege log refers to a memorandum from D Laux to R Taylor, but R Taylor has not been identified as an attorney. KSEA must clarify the basis for asserting that this document is a privileged attorney-client communication.

KSEA must serve and file a supplemental affidavit, under penalty of perjury, within ten days of the date of this order. If KSEA fails to do so, Stryker may renew the motion by a one-page letter brief to the court. No further briefing on the motion to compel will be permitted. At this juncture, the motion to compel is DENIED WITHOUT PREJUDICE. Doc #107.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge