Gregory J. Vogler (admitted *pro hac vice*)
Email: gvogler@mcandrews-ip.com
Robert A. Surrette (admitted *pro hac vice*)
Email: bsurrette@mcandrews-ip.com
Merle S. Elliott (admitted *pro hac vice*)
Email: melliott@mcandrews-ip.com
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

William Ross Overend (SBN 180209)
Email: woverend@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Defendants
STRYKER CORPORATION and
STRYKER COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION and STRYKER COMMUNICATIONS, INC., <br><br> Defendants. | Case No. C 09-0355 (WHA) <br><br> **STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6** <br><br> Honorable William H. Alsup |

## I. INTRODUCTION

This Court should reject KSEA's attempt to sandbag Stryker with new Infringement Contentions. Since KSEA served its Contentions in September 2009, Stryker repeatedly requested that KSEA supplement. KSEA possessed the necessary discovery to supplement its Contentions for years, but refused. Stryker has had to rely on KSEA's defective Contentions throughout the entire case. Now, on the last day of fact discovery and on the day opening expert reports are due, KSEA seeks to transform its Contentions into a moving target. Even worse, KSEA's proposed changes appear substantial: although KSEA did not attach its proposed Contentions, it appears **KSEA seeks to add new products, new combinations of products and new theories of infringement**. Stryker will be prejudiced if KSEA is allowed to amend. KSEA waited until Stryker completed **lay discovery and its invalidity expert report** before seeking this amendment, even though it could and should have supplemented years earlier. Having forced Stryker to litigate this case based on KSEA's deficient Contentions, KSEA should not be allowed to sandbag Stryker with this eleventh hour change. KSEA's Motion should be denied for at least the following reasons.

First, KSEA's Motion is procedurally defective because it was brought under the Local Rule for administrative motions – precluding Stryker from having a full opportunity to respond on a critical issue. Moreover, KSEA has not attached its proposed Amended Infringement Contentions, and thus Stryker cannot fully or properly evaluate how they are different, how much they are based on knowledge that KSEA clearly had for years and other issues relevant to oppose this Motion. Thus, the Court should deny KSEA's Motion on this basis alone.

Second, to the extent the Court considers the merits, it should deny the Motion because there is no good cause for the proposed amendment. Importantly, **KSEA did not "recently discover" new evidence**. Based on KSEA's recent expert report, it appears that most of the purportedly "new evidence," in fact, consists of documents produced in 2009 or 2010, or more recent documents that are duplicative of documents produced more than a year ago. Moreover, KSEA's lack of diligence compels denial of its motion. Most notably, KSEA repeatedly declined to amend its Infringement Contentions, even after Stryker repeatedly requested it do so and provided examples of the

STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6
CASE NO. C 09-0355 (WHA)

1

deficiencies. Nor was KSEA diligent in pursuing discovery – waiting over three and one-half years before pursuing most discovery in this case.

## II. LEGAL STANDARD FOR AMENDING INFRINGEMENT CONTENTIONS

This Court's Patent Local Rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *02 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006)). This early disclosure requirement "is designed to allow the defendant to pin down the plaintiff's theories of liability . . . thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *02 Micro*, 467 F.3d at 1355 (emph. added).

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6 (emph. added). Absent undue prejudice to the non-moving party, "good cause" may include "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*. (emph. added). Importantly, "'good cause' requires a showing of diligence," and "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *02 Micro*, 467 F.3d at 1366-67. The "diligence" requirement also applies to diligence in seeking discovery. *Acer, Inc. v. Tech. Props.*, 2010 U.S. Dist. LEXIS 142472 (N.D. Cal. Sept. 10, 2010). The "good cause" requirement prevents infringement contentions from becoming moving targets throughout a lawsuit. *See Integrated Circuit Sys., Inc. v. Realtek*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). Thus, courts in this District strictly construe this requirement. *See, e.g., LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002).

## III. KSEA'S MOTION IS PROCEDURALLY DEFECTIVE

As a threshold matter, the Court should deny KSEA's motion as procedurally flawed. KSEA has sought leave under Local Rule 7-11, which is used for administrative issues such as exceeding page limits. Civ. L.R. 7-11. It is improper to use such a motion, with its limited opportunity to respond, to raise the issue of KSEA's proposed amendment – a critical issue that could transform the case and the scope of the trial. Moreover, KSEA had not attached its proposed amended Contentions,

STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6
CASE NO. C 09-0355 (WHA)

2

precluding Stryker from evaluating the new Contentions, including how they differ from the initial Contentions, what evidence is cited in support (and when that evidence was discovered), and how detailed they are as compared to KSEA's expert report. Because KSEA's procedurally-defective Motion would deny Stryker a fair opportunity to respond on a critical issue, the Court should deny it.

## IV. KSEA HAS NOT SHOWN AND CANNOT SHOW GOOD CAUSE TO AMEND

### A. Stryker's Documents Were Largely Produced Years Ago

KSEA's claim that it required additional documents from Stryker in order to supplement its Infringement Contentions is disingenuous. Most of the documents KSEA relied upon were produced years ago, and should have been included in the Infringement Contentions at that time. (*See* Surrette Decl. at ¶¶ 6, 19.) KSEA's expert report on infringement relies on approximately 50 documents produced by Stryker. (*See* Surrette Decl. at ¶ 19; Ex. 10.) Approximately two thirds of these documents were produced in 2009 or 2010. (*See id.*) Of the remaining documents, nearly half of the remaining documents were produced prior to September 2011. (*See id.*) At least two of the documents (AA and AC in Ex. 10) were previously produced in 2009, but KSEA chose to use the later-produced documents. (*See id.*) Three documents relating to the SwitchPoint Infinity 3 (BD, BH, and YC in Ex. 10) were produced shortly after they were first requested in late August 2011. (*See* Surrette Decl. at ¶¶ 9, 19; *see* Exs. 5, 10.) Two other documents (BE, BF in Ex. 10) were referred to briefly and not relied upon to show any information beyond what was available in previously-produced manuals. (*See* Surrette Decl. at ¶ 19.)

### B. KSEA Has Not Been Diligent

#### 1. KSEA Has Not Diligently Sought Discovery

As noted, KSEA has long possessed the discovery it actually needed to amend its Contentions. And the limited "new" discovery KSEA cites hardly supplies "good cause," because KSEA was not diligent in seeking that discovery. KSEA attempts to preempt this argument by claiming that it "aggressively pursu[ed]" discovery since the Court's claim construction in May. First, KSEA **ignores the three and a half years** this case was pending between November 2007 and May 2011, when it did not take or even request a single deposition of any Stryker witness relating to

STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6
CASE NO. C 09-0355 (WHA)

3

any topic other than claim construction.[1] (*See id*. at ¶ 7.) Second, even after May 2011, KSEA failed to pursue diligently the document discovery it now claims to need relating to Stryker's products. For example, in a letter declining to supplement its Infringement Contentions sent on July 8, 2011, KSEA stated that it would request additional technical documents from Stryker "shortly." (Ex. 7, 7/8/2011 Aldrich to Elliott.) KSEA did not send such a letter until August 26, 2011, over a month and a half later. (*See* Ex. 5, 8/26/2011 Aldrich to Elliott.) Further, KSEA did not seek any depositions of Stryker technical witnesses until it served its 30(b)(6) notice September 15, 2011. (*See* Surrette Decl. at ¶ 7.) KSEA sat on its rights, but now seeks to disadvantage Stryker for this lack of diligence.

### 2. KSEA Has Not Been Diligent In Supplementing Its Contentions

Moreover, KSEA was not diligent in supplementing its Infringement Contentions. First, KSEA presumably conducted a pre-filing investigation before filing its Complaint and, at least preliminarily, understood how each of these products met each and every limitation of at least one claim from each of the asserted patents. KSEA should have included at least that level of detail in its Infringement Contentions, but did not. Stryker notified KSEA its Infringement Contentions were deficient at the time they were served, but KSEA refused to supplement. (*See* Ex. 1, 9/24/2009 Bateman to Aldrich; Ex. 3, 10/13/2009 Aldrich to Bateman; *see* Surrette Decl. at ¶ 3.) Stryker was forced to rely on KSEA's deficient Infringement Contentions while preparing its own Invalidity Contentions for service on October 15, 2009. Second, the Court issued its Claim Construction Order on May 12, 2011. (D.I. 293.) Stryker again requested a supplement to KSEA's Infringement Contentions and KSEA again refused. (*See* Ex. 6, 6/28/2011 Elliott to Aldrich; Ex. 7, 7/8/2011 Aldrich to Elliott.) Stryker's letter gave specific examples of why KSEA's infringement theories were unsupportable (and still unclear) under the Court's claim construction, but KSEA still refused to supplement. (*See* Surrette Decl. at ¶¶ 10-13.)

---

[1] KSEA asserts that it could not take depositions until Stryker completed its document production. This is simply untrue. Stryker took several depositions of KSEA witnesses well before the close of fact discovery, and KSEA continues to produce documents as recently as November 10, 2011 (three days after the close of fact discovery), when it produced over 6,000 pages. (*See* Ex. 4; *see also* Surrette Decl. at ¶ 8.)

STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6
CASE NO. C 09-0355 (WHA)

4

### C. Stryker Would Be Severely Prejudiced

In a similar situation, this Court partially granted two motions to strike portions of expert reports for disclosing new theories of infringement for the first time in the non-movant's expert reports. *See Oracle America, Inc. v. Google Inc.*, Civil Action No. 3:10-cv-03561-WHA, D.I. 464 and 512 respectively. KSEA has had more than four years to develop its theories of infringement. Contrary to what KSEA argues, this is not a case of KSEA receiving belatedly-produced, highly material technical data. Stryker fully complied with its discovery obligations. Moreover, Stryker has had to rely on KSEA's deficient Infringement Contentions throughout the entire fact discovery and claim construction period, including while: (1) preparing it Invalidity Contentions; (2) preparing for the parties' depositions; (3) determining the proper scope of discovery; (4) responding to discovery; and (5) framing its claim construction positions. (*See* Surrette Decl. at ¶ 14.) Most recently, Stryker has expended an extraordinary amount of time, energy and money working with its expert witness to prepare his invalidity expert report based on KSEA's current positions. (*See id*. at ¶ 15.)

Removing patent claims that should not have been asserted in the first place is not justification for brand new Infringement Contentions at this stage of the case. Besides, Stryker has had to expend a great deal of time, effort, and money working with its expert to prepare a detailed report on the invalidity of all the claims previously asserted by KSEA. (*See* Surrette Decl. at ¶ 15.) KSEA's amended Contentions may help prove invalidity because the prior art may be read on the claims the same way KSEA attempts to read the claims on the accused products, but that hardly alleviates the prejudice to Stryker from preparing its entire case based on the original Contentions. In addition, it appears from KSEA's expert report on infringement that KSEA is accusing new products and new combinations of products of infringement.[2] (*See* Surrette Decl. at ¶¶ 16-19.) This substantially increases Stryker's burden, and deprives Stryker of any opportunity to explore KSEA's new infringement theories in discovery.

---

[2] Stryker has identified several examples of the significant differences between KSEA's Infringement Contentions and its infringement expert report. It is impossible to determine the differences between the two sets of contentions because the proposed amended contentions have not been provided and because of the space constraints forced on Stryker's by an administrative motion.

STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6
CASE NO. C 09-0355 (WHA)

5

Dated: November 11, 2011

Respectfully submitted,

 */s/*Gregory J. Vogler
Gregory J. Vogler
Robert A. Surrette
Merle S. Elliott
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

William Ross Overend (SBN 180209)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105
(415) 543-8700

Attorneys for Defendants,
STRYKER CORPORATION and
STRYKER COMMUNICATIONS, INC.

STRYKER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6
CASE NO. C 09-0355 (WHA)

6