**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARL STORZ ENDOSCOPY-AMERICA, INC.,

Plaintiff,

v.

STRYKER CORPORATION and STRYKER COMMUNICATIONS, INC.,

Defendants.
/

AND RELATED COUNTERCLAIMS
/

No. C 09-00355 WHA

**ORDER DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

## INTRODUCTION

In this patent-infringement action involving surgical equipment management, plaintiff moves for leave to supplement its infringement contentions. For the following reasons, the motion is **DENIED**.

## STATEMENT

Karl Storz Endoscopy America, Inc. filed this action in the Western District of Tennessee *four years ago* in November 2007, accusing Stryker Corporation and Stryker Communications, Inc. of infringing three patents. The action was transferred to this district in January 2009; the present case number was assigned at that time. Pursuant to Patent Local

1  Rules 3-1 and 3-2, plaintiff KSEA served its patent-infringement contentions in September 2009.
2  The action was reassigned to the undersigned judge in January 2011. Non-expert discovery has
3  now ended and the parties have exchanged expert reports under FRCP 26(a)(2). Defendants'
4  motion for summary judgment is set to be heard next month (Dkt. No. 320). At this late hour,
5  KSEA seeks leave to supplement its infringement contentions with potentially new products and
6  theories of infringement (Opp. 1).

7  KSEA has not submitted its proposed amendments for consideration. KSEA only
8  provides a vague description that its supplemental infringement contentions "will include the
9  model numbers of the Stryker devices as well as technical details which were not available to
10 KSEA until the recent discovery" (Br. 3).

## ANALYSIS

12 Amendment of infringement contentions "may be made only by order of the Court upon a
13 timely showing of good cause." Pat. Loc. R. 3-6. "Good cause requires a showing of diligence,"
14 and "[t]he burden is on the movant to establish diligence rather than on the opposing party to
15 establish a lack of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355,
16 1366 (Fed. Cir. 2006).

### 1. LACK OF DILIGENCE.

18 KSEA did not exercise diligence in seeking to amend its infringement contentions. This
19 action has been pending for four years. KSEA did not seek to depose any of defendants'
20 technical witnesses until it served a Rule 30(b)(6) notice on September 15, 2011, nearly four
21 years into the case and six months after the claim-construction order issued.

22 KSEA asserts that it delayed because "Stryker has been slow to produce documents in this
23 case, and produced highly relevant documents on a rolling basis as the deadline for fact discovery
24 approached" (Br. 3). Stryker replies that it has "fully complied with discovery obligations" and
25 that "KSEA sat on its rights" by not diligently seeking discovery in the four years this case has
26 been pending (Opp. 3–4). This order agrees with Stryker. KSEA has not pointed to any
27 indication that Stryker actually stonewalled against discovery relating to infringement. KSEA
28 had ample opportunity to request discovery relief on this issue if Stryker was not forthcoming in

discovery; but never did so. KSEA's decision to wait until after document discovery was substantially complete before taking depositions is not good cause for delaying to amend its infringement contentions.

### 2. FAILURE TO SUBMIT PROPOSED AMENDMENTS.

Moreover, KSEA has not submitted any proposed supplemental infringement contentions. Thus, it is impossible to evaluate how the new contentions differ from the initial contentions, what evidence supports the new contentions, when that evidence was discovered, and whether the changes would prejudice Stryker. KSEA has not met its burden of showing good cause for amendment at this eleventh hour.

### CONCLUSION

For the foregoing reasons, the motion by KSEA for leave to supplement its infringement contentions is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE